M’Girk, C. J.,
delivered the opinion of the Court.
Therese Chouteau, the widow of Co!. Auguste Chouteau, Tho. F. Smith and his wife, daughter of Auguste Chouteau, Henry and Edward, sons of said Chouteau, commenced a proceeding in the Circuit Court for a partition of certain lands mentioned in (he petition, against Gabr iel Parti, Rene Paul and their wives, the daughters of said A. Chouteau, and also against Auguste A. Chouteau and Gabriel Choaleau, sons of the deceased.
The deceased made a will by which he recognized a marriage contract belween him and his wife, whereby the widow is entitled to one half of the real estate sought to be divided by the partition. By the 6th article of the will, the testator devised ail the residue of his real estate to his seven children, to be equally divided between them. The will also directs that there shall be an inventory and appraisement of all the effects of the testator.
The defendants appeared and filed an answer, which alledges that after the demise of the testator, the widow, Gabriel Paul and Rene Paul for themselves and their wives, Tho. F. Smith for himself and wife, and Auguste A. Chouteau by his agent, and all the others for themselves, entered into an agreement to bring all they had respectively received by way of advancement in the life time of the testator, into hotch pot. The answer sets out the respective sums each had received, as recited by the agreement. The agreement fixes the proportion of each devisee at $7,000, and then contains a farther agreement, lhat each will abide by a final division and distribution on the basis of this agreement. This agreement is set up as a bar to the partition which seeks to give the widow one half of the real estate, and also to give each of the other child] en one seventh of the remainder, without any regard to the several sums advanced to each in the life time of the testator. These sums were unequal, some having received between 4 and $5,000, and some not more than half that *187 amount. Auguste A. Chouteau received the whole $7,000. By the agreement, he was to have nothing till each ot the others should have received an amount equal to his.
The answer farther insists that the petition sought is contrary to the will which directs an appraisement and division accordingly. This answer was demurred to. The demurrer was sustained, and judgment for tile defendants.
The first question presented by the answer is, whether the agreement to bring things into hatch pot is a bar to the claim set up by the petitioners. It is argued by Mr. Geyer, for the defendants, that this agreement is an estoppel to the claim set up.
It is answered by Mr. Allen, for the petitioners, that this agreement cannot operate as an estoppel,
Eirst. Because it is not under seal; and
Second. There appears to be no consideration for the agreement.
Third. That G. and R. Paul and T. F. Smith could not dispose of tile inheritance of their wives by this instrument so as to make their estates or shares more or less, the wives not having joined in the agreement. We are of opinion that these objections are all and each of them good in law. The wife of G. Paul is already dead as appears by the record. The estate which the wife had, has descended to her heirs. They are made parties and now claim their mother’s share, whatever it may he. This agreement on the part of the husband without the wife, did not divest her of the estate in the land. How then can the Court decree a partition according to that agreement. The same reasons are applicable to the rights of the two other named women.
Furthermore, this agreement is totally void as it now stands before this Court as to Auguste A. Chouteau. The agreement purports to be made by Bernard Pratte, who styles himself the agent of Chouteau, and is signed by B. Pratte. This is therefore the agreement of B. Pratte and not of A. A. Chouteau.
With regard to the widow, she has not by the agreement brought any thing into hatch pot. Her interest or share is no where referred to by the agreement. She signed the agreement with the others, but no part of the agreement can be referred to her, except that part which says the advancements to the children in the life time of the testator shall be brought into division. This is an agreement on her part that each of the children shall receive shares according to the basis of the hatch pot principle. If this agreement is binding on her at all, she will be answerable to the others for a breach of the covenant or agreement, if any of the parties who can break the agreement should do so.
The next objection raised by the answer is, that the will requires an appraisement of the land, and directs that a partition shall be made among the children according to the appraisement, without going into a Court of law at all. It is alledged that this appraisement never has been made, and until it is made no partition can take place. The language of the will is, that as to the residue of the estate, after providing for the-widow, I give it to my children to be eqnally divided among them. Then the will proceeds immediately and says, I will and order, that there shall he made an inventory with appraisement of all my properties, lands, &c., to be distributed and divided as aforesaid mentioned. The appraisement and inventory are things which the law requires in all cases, and if the executor should fail to cause them to be made, we cannot conceive how that could prevent the devisees from obtaining a partition among themselves of the real estate devised. Their title to the legacy is as *188 good in law, without the appraisement, as it would be with it. The appraisement would give no additional light as to the share each would he entitled to. When the partition is made, each will take his share, subject to the payment of debts properly presented within the lawful time allowed by law. But it is argued, the words in the will, to-wü : to be distributed and divided as before mentioned, mean that the executor, and not the Court, shall make the partition, and that according to the appraisement. We are of opinion these words refer to the quantity each shall receive, without any reg-ard to the means to be used to ascertain that quantity. The will fixes the relative portions of each legatee, as well as the right of the widow, and leaves the means to be employed to the law of the land.
The next objection to the petition is, that the widow, who claims half the land mentioned in it, cannot join with a portion of the legatees against others to have her share allowed. Whether the widow can be so joined with the others, will depend, on the statute of this State relating to this matter. By the first section of the act to provide for the partition of lands, (see R. Code 609,) it is provided, “ that where any lands, tenements or hereditaments shall be held in joint tenancy, tenancy in common or co-parcenary, it shall be lawful for any one or more of the parties interested therein to present a petition to the Court, describing the'land's, &c., and setting forth the rights and titles of the parties therein, and praying the same may be divided by commissioners, the Court shall proceed to cause a partition to be made, &c. The second section provides that after all the issues are determined, the Court shall ascertain and determine the respective rights of the said parties in such lands, &c., and give judgment that partition thereof he made between them according thereto, or between such of them as have any right therein.” It may be true that with regard to the* parties petitioning, and the parlies defendants, they may not he all in relation to each, other either as co-parceners, tenants in common or joint tenants. Yet that, in our opinion, makes no difference. We think the law makers intended to embiace every possible case, other than that of severalty. The law directs the Court to ascertain the respective rights of each, clearly contemplating that there might- be a difference, with regard to the quantity or duration of interests. But we are of opinion that the case is within the words of the law.
The widow in this case is entitled to- half the land mentioned in the petition, and-all the children are entitled to the other half. Now with regard to the widow, they are to he considered as one tenant only, and they, as regards her relation to them, are tenants in common with her; but as -regards the relation they bear to each other under the will, they are joint tenants, and if they take as heirs, they are co-parceners. Upon the whole matter we are unable to see any good reason why the partition cannot as well be made and as complete justice done under this petition as could be under any other that could be framed.
The judgment of the Circuit Court is reversed, and the cause is remanded for further proceedings.