McClellan & Hillyer, Respondents, v. Parker, Appellant.

1. Where an agent enters into a contract in his own name and does not disclose his principal he is personally liable.

*Appeal from St. Louis Law Commissioner's Court.*

This was an action to recover the value of services rendered by plaintiffs, as attorneys at law, in the examination of the title to certain real estate and in the drafting of a deed of trust. The evidence tended to show that defendant applied to one McKnight for a loan of money on real estate; that McKnight referred defendant to plaintiffs for an examination of the title to the said real estate; that plaintiffs made such an examination. Evidence was introduced by plaintiff, against the objection of defendant, tending to show a custom that borrowers, in such cases as the present, pay the expenses of examinations. There was evidence tending to show that Parker acted as the agent of other parties in negotiating the loan.

The court found for plaintiffs.

*Glover* and *Gilmer*, for appellant.

*Moody*, for respondents.

Scott, Judge, delivered the opinion of the court.

This case did not require the proof of any custom; but evidence of such custom was merely irrelevant. It had no tendency to mislead or prejudice, and therefore the admission of it is no ground for reversal.

The defendant acted as agent for others. It does not appear that he disclosed the names of those for whom he was acting, or that the credit was given to any one but himself. Under such circumstances, though acting for others, he is personally liable. The principals, if they had been known to the plaintiffs before suit was brought, would have been

subject to an action, but under the circumstances they were not bound to sue them.

As the defendant had the services performed he was liable for them. This was no case for the application of the custom even if it were a lawful one. Had the money lender employed the plaintiffs, and the suit been brought against the borrowers for their services, then the custom, if a valid one, would have applied to the case. The judgment is affirmed, Judge Napton concurring. Judge Richardson not sitting.