THOMAS LAPSLEY, Respondent, v, JUSTUS McKINSTRY, Appellant.

*Principal and Agent—Contract.*—A person who assumes to contract as agent, must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal, he will be himself personally responsible.

*Appeal from St. Louis Circuit Court.*

*Shreve & Sanders,* for appellant.

*Wm. T. Mason,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

The error complained of in this case is, the giving instructions in the court below, on behalf of plaintiff, and the refusal of the second instruction asked for by defendant.

The action was brought by the plaintiff to recover money alleged to be due him by the defendant, for keeping defendant's horses and buggies, and for the hire of horses and carriages by the defendant from plaintiff's stable. The defendant denied the account, and claimed that the horses were kept, and the carriages and buggies furnished, whilst he was acting as quartermaster of the United States, at St. Louis, for the Western Department, and that they were for the use of the government, and that he was not liable therefor.

There can be no dispute as to a portion of the items, for they were clearly furnished for the defendant's private, individual use. Some of the horses were got and used, at different times, by the messengers of the quartermaster's department, but it seems the government refused to recognize the claim and pay the bill. The account kept by plaintiff was opened against the defendant in his own individual name, and a bill of items duly rendered; defendant making no objection, only stating that he desired the account made out in such a manner that it would show who got the horses and buggies, at different times.

For the plaintiff, the court, in substance, declared the law to be, that before the defendant could defeat the recovery of plaintiff, on the claim that the articles were furnished to the use of the United States, on his (defendant's) request as agent, he must show that he had legal authority to contract for the same, and bind the United States, and that if he failed to show such authority, then the law presumes that he ordered the same for his own use. And furthermore, defendant must show by competent proof that under the laws of the United States he had authority to make the contract as agent, and bind the government. For the defendant, the court instructed that, if the account sued on was made, giving the credit and trust to the government, and not to the defendant, plaintiff could not recover; and refused to give an instruction declaring that, if at the time the bill was contracted the defendant was the quartermaster-in-chief of the Western Department, at St. Louis, and, as such, said bill

was contracted with him, and plaintiff, with such under-
standing, presented the account to the quartermaster, and
the same was audited by voucher, then plaintiff could not
recover for so much of the account as was so contracted.

The court committed no error in refusing this last instruc-
tion, as the one just previously given, at the request of the
defendant, covered the whole ground, and stated the law in
a clear and concise form. · The account was charged up and
kept against the defendant in his private name, with his
knowledge and consent, and the articles were furnished on
his personal order. There is nothing satisfactory appearing
to show that plaintiff was informed that they were for the
government, or that defendant was acting merely as agent in
the matter. Where an agent enters into a contract in his
own name, without disclosing his principal, he is personally
liable ; and even where the principal is disclosed, he will be
held liable upon proof showing his want of authority—Mc-
Clellan v. Parker, 27 Mo. 162 ; Byars v. Doores, 20 Mo.
284. A person who assumes to contract as an agent must
see to it that his principal is legally bound by his act ; for if
he does not give a right of action against his principal, the
law holds him personally responsible—Tippets v. Walker, 4
Mass. 595 ; Randall v. Van Vetchen, 19 Johns. 63 ; Stone
v. Wood, 7 Cow, 454 ; 7 Term R. 297 ; 5 East, 148.

Sutherland, Justice, in the case of Mott v. Hicks, 1 Cow.
536, said: " It is perfectly well settled, that if a person
undertake to contract as agent for an individual or corpora-
tion, and contracts in a manner which is not legally binding
upon his principal, he is personally responsible. And the
agent, when sued upon such a contract, can exonerate him-
self from personal liability only by showing his authority to
bind those for whom he has undertaken to act. It is not for
the plaintiff to show that he had not authority ; the defend-
ant must show affirmatively that he had." In·cases of officers
acting for and on behalf of the government, the general rule
is, that they are not bound personally by contracts made in
an official capacity, even though they would be by the terms

of the contract, if it were an agency of a private nature—Sto. Agency, § 302. This rule is established from motives of public policy. But although this is the general rule in relation to public agents, yet it is founded upon a mere presumption, and is liable to be rebutted by circumstances which clearly establish an intention between the parties to the contract to create and rely upon a personal responsibility on the part of a public agent; for there is nothing in the general principles or policy of the law which forbids an agent from waiving his official immunity, and making himself personally responsible—Id. § 306. The items of the account which it is contended the government is liable for, were intermixed with others, which were exclusively chargeable to defendant. No objection was made to this mode of keeping the account, but, on the contrary, it was approved, and there was a direct recognition of its correctness.

Whether the government, under any circumstances, would have been liable for them, was not shown; it would have been easily ascertained, but it was not attempted. As a question of fact, the court below found that the credit was given to the defendant personally; and there is no reason apparent for disturbing the verdict.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.