NICHOLAS ZIEGLER, Appellant, v. JOHN F. FALLON, Respondent.

St. Louis Court of Appeals, December 20, 1887.

1. PARENT AND CHILD—APPRENTICESHIP.—Where a father contracts for the apprenticeship of his minor son, stipulating that certain payments are to be made to the son by the other contracting party, a suit for breach of the stipulation is improperly brought by the father, and can only be maintained in the name of the son.

2. AGENT, CONTRACT BY—PERSONAL LIABILITY.—If, in the making of a contract, it be understood by the parties that one of them is acting as agent for a third person and assumes no responsibility for himself, such agent cannot be held personally liable on the contract. But if it appear on the face of the contract, or from parol evidence, that the agent intended to make himself personally liable with his principal, he will be so held.

APPEAL from the St. Louis Circuit Court, HON. GEORGE W. LUBKE, Judge.

*Affirmed.*

A. A. PAXSON, for the appellant: The defendant, having disclosed an irresponsible and impossible principal (if any) his liability was not that of agent, but was personal. *Blakely v. Bennecke*, 59 Mo. 193 ; *Heath v. Goslin*, 80 Mo. 316 ; Story on Agency, secs. 281, 282 ; *Hovey v. Pitcher*, 13 Mo. 191 ; *Thompson v. McCullough*, 31 Mo. 224 ; *McClellan v. Parker*, 27 Mo. 162 ; *Lapsley v. McKinstry*, 38 Mo. 245 ; *Schnell v. Stephens*, 50 Mo. 375 ; *Einstein v. Holt*, 52 Mo. 340 ; *Ferris v. Shaw*, 72 Mo. 445. Our statutes provide that there must be a living master, and no indenture of apprenticeship, or service made in pursuance thereof, shall bind the minor after the death of his master, but the apprenticeship or service shall be henceforth discharged and the minor may be bound out anew. Rev. Stat., sec. 4085.

T. J. ROWE, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This action is brought to recover a balance due upon a written contract, not under seal, by which the plaintiff hired his minor son to the defendant for the term of three years, at stipulated wages, to learn the trade of a painter. The contract appears to have been drawn upon a printed mercantile bill-head used by the defendant, and is in the following language :

"St. Louis, Mo., ...... 188..

"M ..............................
"To Wesley Fallon, Dr.<br>"Builder of<br>"All kinds of carriages and buggies.<br>"Repairing neatly done to order.

"Terms cash.        Tenth and St. Charles Streets.

"St. Louis, May 1, 1882.

"This indenture, made this first day of May, in the year of our Lord, 1882, by and between Nicholas Ziegler, of St. Louis, and Wesley Fallon, or *John F. Fallon*, manager, of St. Louis, witnesseth, that the said Nicholas Ziegler, in accordance with the consent and wishes of his son, Otto Ziegler, aged about sixteen years, who hereby signifies his assent by this indenture, does bind and intrust said Otto Ziegler to the said Wesley Fallon, or John F. Fallon, manager, to learn the art and trade of painting in the carriage-shop of said Wesley Fallon, and with him as an apprentice to serve from the day of the date of this indenture for a term of three years ; and that said Otto Ziegler shall truly and faithfully serve him during the term aforesaid, and shall give and devote to him his time and labor, and shall conduct himself in a temperate and industrious manner ; and that said Wesley Fallon, or John F. Fallon, manager, shall pay said Otto Ziegler, three dollars and fifty cents each week for three years ; that he shall truly and

faithfully instruct him in the art and trade of painting, to the best of his knowledge and skill, and as far and as fast as said Otto Ziegler will show himself capable of learning the same ; and the said Otto Ziegler shall leave as a deposit one dollar per week for the first year of his apprenticeship, fifty cents per week for the second year, and the third year to be paid the full amount each week and at the expiration of his apprenticeship ; that he shall not forfeit any of said deposit, unless he wilfully violates this contract. That in case of discontinuation of business or removal from state, he shall be paid as far as due ; and in case of any failure on the part of Wesley Fallon to fulfill this contract, he is to pay to Otto Ziegler the amount due him from weekly deposits. And it is further agreed to by Nicholas Ziegler, and his son, Otto Ziegler, that any time lost by said Otto Ziegler during the time that he is serving his apprenticeship shall be made up by said Otto Ziegler after he has served his apprenticeship and at his apprenticeship wages.

" JOHN F. FALLON, Manager.<br>" NICHOLAS ZIEGLER."

It appears that, at the time when this contract was made, Wesley Fallon was dead. The plaintiff proved performance of the contract on his son's part, by the labor of his son during the entire term, and the non-payment of the balance sued for. The court thereupon gave an instruction that the plaintiff could not recover.

It will be perceived that, by the terms of this contract, the earnings of Otto Ziegler, the minor, which John F. Fallon, manager, agrees to pay, are to be paid to the minor himself, and that the contract contains no stipulation that such earnings shall be paid to the father, Nicholas Ziegler, who is the plaintiff in the present action. A father may emancipate his minor child, so as to estop himself, as against a third person, from recovering the wages of the child. *Soldanels v. Railroad*, 23 Mo. App. 516. Where the father gives his minor child his time, as it is sometimes called, or allows such minor

child to retain the wages of his labor, such wages become in law the property of the child, and not the property of the father. *Dierker v. Hess*, 54 Mo. 246. By the terms of this contract the father, in the most distinct and un-equivocal manner, relinquished all right to the earnings of his son, Otto, in favor of the son; and the right to sue for and recover the same, if such a right exists at all, is in the son and not in the father. This action should, therefore, have been brought by the son, and is not pro-perly brought by the father, he having no title to the wages sued for. On this ground the peremptory in-struction that the plaintiff could not recover was properly granted.

But as the entire argument presented in the case on behalf of the appellant has been directed to the question whether, under the contract, the defendant, John F. Fallon, is liable at all, we may possibly suppose that this may have been the ground on which the instruction for a non-suit was granted; and in view of the possibility of an-other action being brought by the son to recover the wages due under the contract, we deem it proper to state our views in regard to the liability of the defendant, John F. Fallon, under the contract.

An agent who, in making a contract, does not dis-close a responsible principal, is personally bound, al-though the language of the contract may disclose the fact that he is at the time the agent of another. Bishop on Cont., sec. 1076, and cases cited; *McClellan v. Par-ker*, 27 Mo. 162; *Heath v. Goslin*, 80 Mo. 310; *Blakely v. Bennecke*, 59 Mo. 193; *Ferris v. Thaw*, 72 Mo. 446; (affirming s. c., 5 Mo. App. 279); *Lapsley v. McKinstry*, 38 Mo. 245; *Thompson v. McCullough*, 31 Mo. 224; *Schell v. Stephens*, 50 Mo. 375; *Studebaker v. Mont-gomery*, 74 Mo. 101. "The person who assumes to con-tract as an agent must see to it that his principal is legally bound by his act; for if he does not give a right of action against his principal, the law holds him per-sonally responsible." *Lapsley v. McKinstry, supra.* And although the agent, at the time he makes the con-

tract, discloses the fact that he is acting for a named principal, this does not necessarily exclude the idea that he intends to bind himself personally. *Hovey v. Pitcher*, 13 Mo. 191; *Einstein v. Holt*, 52 Mo. 340; *Smith v. Spaulding*, 13 Mo. 530. Standing without parol explanation, the words of this contract bind the defendant personally; for where an agreement is made by A, and is signed by him, the mere fact that he therein styles himself the agent of B, does not make it the agreement of B, but it remains on its face the agreement of A. *Chouteau v. Paul*, 3 Mo. 260. In former times, and especially in interpreting sealed instruments, the courts were rigid in requiring an agent, in making a contract for his principal, to express in distinct terms that the contract was made by the principal; but the strictness of this rule has been found incompatible with the circumstances of practical business life, where contracts must, in many cases, be hastily drawn, and by unskillful persons. Greater liberality is therefore allowed at the present time than formerly, in interpreting and explaining contracts which appear to have been made by persons acting as agents for others. Where the contract is so drawn that it is doubtful on its face whether the parties really intended that the agent or his principal should be personally bound, parol evidence is now let in to show what their intention really was. *Smith v. Alexander*, 31 Mo. 193; *Klosterman v. Loos*, 58 Mo. 290, 294; *Washington Ins. Co. v. St Mary's Seminary*, 52 Mo. 480; *McClellan v. Reynolds*, 49 Mo. 312; *Musser v. Johnson*, 42 Mo. 74; *Shuetze v. Bailey*, 40 Mo. 69; *Turner v. Thomas*, 10 Mo. App. 338.

If, on another action by the son, Otto Ziegler, the defendant shall introduce such parol evidence as will make it appear that the father, in entering into this contract with him, understood that Wesley Fallon was dead, that Mrs. C. M. Fallon, the widow of the deceased, was carrying on the business; that this defendant was merely acting as the managing agent of Mrs. Fallon, and that it was not the purpose or intent of the parties that this

defendant should be personally bound by the contract, then a verdict and judgment should be entered for him. *Friesz v. Fallon*, 24 Mo. App. 439. But if this is not established to the satisfaction of the trier of the facts—if, in other words, the evidence on the trial of another action stands as on this trial—plaintiff will be entitled to judgment for the amount claimed.

For the reasons stated in the first part of this opinion the judgment will be affirmed. All the judges concur.