# CASES DETERMINED

IN THE

# ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS,

MARCH TERM, 1888.

NICHOLS, SHEPARD & Co., Appellant, v. R. D. KERN *et al.*, Respondents.

### Kansas City Court of Appeals, July 2, 1888.

1. **Principal and Agent:** AGREEMENT FOR PRINCIPAL BY AGENT IN HIS OWN NAME : CASE ADJUDGED. If the agent contracts in such form as to render himself personally responsible, he cannot afterwards, whether his principal be or be not known at the time of the contract, relieve himself of that responsibility. But although the agent may thus bind himself personally, the principal may also be bound as a party to the contract through his agent, for there is no doubt that parol evidence is admissible in behalf of one of the contracting parties to show that the other was an agent only in the sale, although contracting in his own name. (Story on Agency, sec. 270).

2. ———: ———: POWER EXECUTED BY AGENT : RULE CONCERNING. A power executed by an agent in his own name binds the principal when he acts in the business entrusted to him and according to the power conferred. The only difference is, that when the agent contracts in his own name, he adds his personal responsibility to that of the person who has empowered him.

(1)

3. ——— : ——— : POWERS OF PRINCIPAL CONCERNING UNAUTHORIZED
CONTRACT : LIMITATION UPON : CASE ADJUDGED. The principal may
repudiate a contract in which the powers given by him to an agent
had been transcended, but it must be the entire contract ; he
cannot repudiate a part of it and accept the remainder. The con-
tract in this case, although consisting of several documents, is an
entirety as much so as if written on one paper.

*Appeal from Livingston Circuit Court.*—HON. JAMES
M. DAVIS, Judge.

AFFIRMED.

The case is stated in the opinion.

*Frank Sheetz*, for the appellant.

(1) The written agreement between defendant
Blackhurst and Jacobs was no defence to the action of
plaintiff and should not have been admitted in evidence,
because Jacobs had no authority to make it. *Benny v.
Rhodes*, 18 Mo. 149 ; *Palmer v. Hatch*, 48 Mo. 585 ;
*Wheeler v. Givan*, 65 Mo. 89. (2) His authority is
shown and limited by the contract read in evidence by
defendant, between Jacobs and Nichols, Shepard & Co.
*State v. Bank*, 45 Mo. 528 ; *Bank v. Schaumberg*, 38
Mo. 228 ; *Schell v. Stephens*, 50 Mo. 379 ; *Klosterman v.
Loos*, 58 Mo. 290. (3) Because said agreement between
defendant and Jacobs was the individual agreement of
W. A. Jacobs and bound him only. *Chouteau v. Paul*,
3 Mo. 186 ; *Overton v. Stephens*, 8 Mo. 622 ; *Schell v.
Stephens*, 50 Mo. 375 ; *Klosterman v. Loos*, 58 Mo. 290.
(4) Notice to Jacobs was inadmissible. He was not at
his place of business, nor engaged in the line of his
employment at the time notice was sent, and the evi-
dence was immaterial and foreign to the issue.
(5) Answer states no facts constituting any defence to
the action of plaintiff. It does not state that Jacobs
had any authority to make the agreement with defend-
ant Blackhurst, nor that there was any consideration
for the said agreement.

*E. J. Broaddus*, for the respondents.

(1) Notice to Jacobs, the agent, was notice to appellant, the principal. See *Hayward v. Ins. Co.*, 52 Mo. 181; *Bier v. Blume*, 80 Mo. 179. (2) In order to bind the principal it is not necessary that the contract should be executed in the name and as the act of the principal. See Story on Agency, secs. 160*a*, 161, and cases there cited. See also *Briggs v. Menchon*, 56 Mo. 466. (3) The evidence shows that Jacobs was at the time acting for his principal. Respondents could not recover damages of the agent, because there was no consideration and no mutuality.

HALL, J.—The plaintiff, as a corporation under the laws of the state of Michigan, instituted this suit against the defendants on two promissory notes, executed by them and payable to the plaintiff's order. The two Kerns made no defence and judgment was rendered against them.

The petition was in two counts. To both counts the defendant Blackhurst made the same answer which is as follows:

"The defendant Wm. Blackhurst for his answer to the petition herein admits the execution of the note therein described, but he further states that as an inducement for the execution of the same on his part, the said B. D. Kern and Wm. E. Kern, who were the principals, agreed with this defendant, if he would execute said note to plaintiff, as their security, they would secure him against any loss for so doing in the event they were unable or failed to pay the same when it became due, by giving him a mortgage on certain stock then owned by them, consisting of cattle and horses; that, at the time said note was accepted by the plaintiff, through their agent, W. A. Jacobs, said agreement and understanding was made known to the said agent, and, for the purpose of carrying out the same it was agreed between this defendant, said agent, and the said

Kerns, that in the event the said B. D. and Wm. E. Kern failed or refused to secure the defendant, as their security on said note to the plaintiff, that the said agent would cancel defendant's name from the same; that, at said time, last aforesaid, to-wit, August 23, 1882, said agreement was reduced to writing by said agent and signed by him and delivered to this defendant. Said writing is in words and figures as follows, to-wit: ' If B. D. and W. E. Kern fail to give Wm. Blackhurst the security in stock promised him in consideration of having signed their notes for Nichols-Shepard thresher, I agree to cancel his name from notes 8, 23, 82. W. A. Jacobs.' Said writing is filed herewith and marked ' A ' ; that after the execution of said note and said writing the defendant applied to the said B. D. and W. E. Kern for a mortgage in accordance with said agreement, but the said B. D. and W. E. Kern failed and refused to execute the same to secure this defendant as their security to the plaintiff as aforesaid ; that thereupon this defendant notified the said W. A. Jacobs, plaintiff's agent as aforesaid, of the failure of his codefendants to secure him as was agreed and understood as aforesaid, and demanded of him that he cancel his name on said note according to the agreement hereinbefore set forth, but that said agent of plaintiff failed and refused to cancel his name on said note and still fails and refuses to do so."

The plaintiff did business in Battle Creek, Michigan, and sent its machines to W. A. Jacobs, at Chillicothe, Missouri, to be sold by him as its factor on commission. The contract between plaintiff and Jacobs, under which the latter acted, contained many specific instructions for his guidance in making sales of the machines sent to him. But there was no evidence that the defendant was aware of any such instructions.

Jacobs, on the twenty-third day of August, 1882, sold a machine, which had been sent by plaintiff to him for sale, to the two Kerns. Under his instructions it was the duty of Jacobs to take from the two Kerns their

notes for the purchase price of the machine, executed also by at least one other party as their surety possessing certain qualifications designated in the contract between him and the plaintiff, which need not be mentioned further here, and also a chattel mortgage on the machine to secure the payment of the notes. The notes were required to be payable to plaintiff.

The evidence showed that the defendant Blackhurst was induced by the two Kerns and by Jacobs, in the manner and by the means alleged in the answer, to execute the notes given by the Kerns for the purchase price of the machine bought by them as their surety. The case then is this: The defendant Blackhurst agreed to execute the notes in suit as the surety of his co-makers, if the plaintiff's agent would agree to cancel his name to the notes should the other makers fail to give to him the security promised by them in consideration of his execution of the notes; the plaintiff's agent so agreed and executed a written agreement to that effect at the time Blackhurst executed the notes. The question is, does the agreement thus made by its agent bind the plaintiff? The circuit court held the agreement binding upon the plaintiff. That ruling is presented here for review. The plaintiff's counsel contend that the agreement does not bind the plaintiff for these reasons: (1) Because there was no consideration for the agreement; (2) because the agreement was executed by Jacobs as principal and not as plaintiff's agent, and it in no wise purports to be the act of plaintiff; (3) because the agreement was made by Jacobs without authority, contrary to his instructions contained in his contract with the plaintiff, and is, therefore, null and void.

I. The execution of the notes by Blackhurst was a sufficient consideration to support the agreement.

II. Although the agreement was made by Jacobs in his own name and purports to bind him only, still it was in fact made by him as plaintiff's agent and for plaintiff, and it binds plaintiff unless it be for the third reason assigned by counsel.

As to the subject we are now considering under the second ground assigned by counsel, the rule is thus laid down by Mr. Story: "If the agent contracts in such form as to render himself personally responsible, he cannot afterwards, whether his principal be or be not known at the time of the contract, relieve himself of that responsibility. But, although the agent may thus bind himself personally, yet this by no means shows that the principal may not also be bound as a party to the contract through his agent; for there is no doubt that parol evidence is admissible in behalf of one of the contracting parties to show that the other was an agent only in the sale, although contracting in his own name." Story on Agency, sec. 270. In the same section Mr. Story approves the following statement of what should be the proper rule on this subject: "Be the rule, however, as it may be in that system of law under which these opinions were expressed, we apprehend it is clear in ours that a power executed by an agent in his own name does bind the principal when he acts in the business entrusted to him, and according to the power conferred. The liability of the principal depends on the act done, and not on the form in which it is executed. The only difference is, that when the agent contracts in his own name, he adds his personal responsibility to that of the person who has empowered him." PORTER, J., in *Hopkins v. Laconture*, 4 La. An. Rep. 64.

The rule thus expressed has been approved by our supreme court in an opinion by LEONARD, J. The court say: "The principle of these cases is the same as of a dormant partner, where, though the person furnishing goods to the ostensible partners intended at the time to give credit to them only, yet he may afterwards pursue his remedy against the dormant partner, when discovered." *Higgins v. Dellinger*, 22 Mo. 400. See also *Briggs v. Muchon*, 56 Mo. 473; Wharton on Agency, secs. 403 and 404; Ewell's Evans on Agency, 396; *Bank of Odessa v. Jennings*, 18 Mo. App. 658. The contrary rule, the rule contended for by plaintiff's counsel, was

formerly laid down in *Chouteau v. Paul*, 3 Mo. 260, and *Overton v. Stevens*, 8 Mo. 628; but those cases must be deemed overruled by our supreme court in the later cases cited above.

Unless it be for the third reason assigned by counsel, then, we repeat that the agreement binds the plaintiff. But it does not bind the plaintiff as a separate, distinct and independent contract. It binds the plaintiff as a part of the contract between it and Blackhurst, made up and consisting of the notes executed by Blackhurst and the agreement executed at the same time by plaintiff's agent in relation to the notes. All the instruments executed contemporaneously concerning the same subject together constitute one contract, and they are to be so considered in disposing of the remaining ground assigned by counsel against the binding effect of the agreement upon the plaintiff.

III. It may be conceded that Jacobs had no power to sell the machine in consideration of the notes modified by the agreement with Blackhurst, and that the sale was therefore not binding upon the plaintiff, and that it could have treated the sale as invalid and have recovered the machine as its property; or the value of it, in the proper action. The question is, because of this, can the plaintiff accept the notes given in payment of the machine and of its own will free them from the agreement made by its agent in relation to them? We think not. The plaintiff could have repudiated the entire contract; but he cannot repudiate a part of it and accept the remainder. He must repudiate or accept the whole contract. He cannot accept the part in his favor and repudiate the part against his interest. This contract is an entirety, as much so as if written on one paper. Blackhurst received nothing for his signature. He obtained no interest in the machine; on it the plaintiff received a chattel mortgage. Blackhurst executed the notes as surety for the purchase price of the machine on the express agreement made by Jacobs, and without it he could not have done so. To permit the plaintiff to

reject the agreement and to hold him bound contrary to its terms would be to permit the plaintiff to make a new contract for him, and one which he refused to make. This can no more be permitted than could it be permitted to the plaintiff to add to the terms of the note something which Jacobs, contrary to his instructions, had omitted therefrom. To subtract from the terms of a note changes the note as much as it does to add thereto. To permit the plaintiff to do what he asks in this case would be to perpetrate a fraud on Blackhurst.

Judgment affirmed. All concur,