HOWARD BROLASKI, Respondent, v. ALBERT A. AAL, Appellant.

**St. Louis Court of Appeals, November 21, 1893.**

The Evidence in this cause is considered, and is to *held* justify the judgment therein.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*Laughlin, Wood & Tansey* for appellant.

*Dodge & Mulvihill* for respondent.

ROMBAUER, P. J.—This action was instituted before a justice of the peace. The plaintiff's statement filed there alleged, in substance, that he entered into a contract with the defendant, whereby the latter, in consideration of $25 paid to him, agreed to turn over to the plaintiff an unexpired lease for certain premises in the city of St. Louis; that the defendant broke that contract, to plaintiff's damage in the sum of $293, for which the plaintiff prayed judgment.

The plaintiff recovered judgment before the justice for $224, and upon trial anew in the circuit court again recovered judgment for $25. The defendant again appeals, and, although he files no formal assignment of errors, we gather from his brief that he claims that the verdict and judgment are not supported by substantial evidence.

The plaintiff, among other evidence, offered the following receipt executed by the defendant:

"St. Louis, January 19, 1892.

"Received of Howard Brolaski $25, deposited for the rent of the building, 409 North Broadway, according to the following agreement: F. Siegel & Bro. agree to turn over the lease on said building at same price paid by them, rent to date from January 1, 1892. Howard Brolaski to pay back bonus paid by F. Siegel & Bro., as agreed.

"F. SIEGEL & BRO.
"A. AAL."

The evidence concedes that this $25 was paid to the defendant by the plaintiff's agent, and there is no evidence that it was ever returned. On the question whether the plaintiff's agent knew, when he paid the money, that the defendant was acting as agent of F. Siegel & Bro. only, and not on his own behalf likewise, or whether he was acting both on his own behalf and for F. Siegel & Bro., the evidence was conflicting. That question was submitted by the court to the jury on appropriate instructions. The court instructed the jury in substance that, if the defendant contracted as agent only, and plaintiff knew the fact, or if F. Siegel & Bro. or the defendant were not guilty of any breach of the contract stated in the memorandum, the plaintiff could not recover. These instructions stated the law correctly. The memorandum itself is sufficiently ambiguous to admit parol evidence on the main question involved. *Ziegler v. Fallon*, 28 Mo. App. 295, 299, and cases cited. On the face of it A. Aal might be either an independent contractor, or a member of the firm of F. Siegel & Bro., or a mere agent for the latter. Nor was the memorandum the foundation of the plaintiff action; it was but a mere receipt offered in evidence with his other proof.

We see no error in the record, and affirm the judgment. All the judges concur.