## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1897.

*(Continued from Volume 71.)*

PHOENIX INSURANCE COMPANY, Appellant, v. WILLIAM BURKETT *et al.*, Ex'rs, Etc., Respondents.

Kansas City Court of Appeals, November 1, 1897.

Action: BILLS AND NOTES: PRINCIPAL AND AGENT: VOLUNTARY ASSOCIATION. Voluntary association for religious and eleemosynary purposes is not an entity capable of making a contract, and its agents creating an obligation against it, as giving a note, become personally liable therefor.

*Appeal from the Grundy Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED AND REMANDED.

*Hicklin & Hicklin* for appellant.

(1) An unincorporated religious society can not become indebted as such society. 20 Am. and Eng.

Ency. of Law, p. 817. (2) Even if there was anything in the note to show the intention of the makers to bind the church as principal, yet as the church is not a person or a corporation, and could not be held in any way, the makers incurred a personal liability. *Fay v. Richmond*, 18 Mo. App. 355; *Simmons v. R'y*, 19 Mo. App. 542; *Blakeley v. Bennecke*, 59 Mo. 193; *Hunt v. Salisbury*, 55 Mo. 310; *Burton v. Furniture Co.*, 31 S. W. Rep. 91. Or if they had authority to bind the church, and had described themselves as agents or trustees in the body of the note, still as they signed their own names they are bound. *Overton v. Stevens*, 8 Mo. 448; *Duncan v. Kirtley*, 54 Mo. App. 655, 656; *Lapsley v. McKinstry*, 38 Mo. 245; *Keck v. Brewing Company*, 22 Mo. App. 187; *Shanks v. The Dispatch Trans. Company*, 104 Mo. 531; *Burton v. Furniture Co.*, 31 S. W. Rep. 91; *White v. Skinner*, 7 Am. Dec. 381; *Peoples Bank v. Church*, 17 N. E. Rep. 408; *Dusenbury v. Ellis*, 2 Am. Dec. 144. (3) Members of voluntary association bind themselves by contract, no matter what understanding was to the contrary. *Heath v. Goslin*, 80 Mo. 310; *Taft v. Brewster*, 6 Am. Dec. 280.

*O. G. Williams*, *S. S. Kelso* and *W. B. Linney* for respondents.

(1) The contention that John Lodge is personally responsible is not sustained by the utterances of our supreme court. *Hodges v. Runyan*, 30 Mo. 491; *Tutt v. Hobbs*, 17 Mo. 488; *Bushong v. Taylor*, 82 Mo. 669.

ELLISON, J.—This action is on a promissory note given to plaintiff by S. J. Kelso and John Lodge as premium on a policy of fire insurance issued by plaintiff to the "Trustees of the Cumberland Presbyterian

Church." The face of the note does not disclose what
it was given for and it is signed by the
STATEMENT. parties aforesaid individually. It is how-
ever agreed that the note was signed by the parties as
trustees for the church and that these parties had no
further interest in the building than as members of the
congregation. It is further agreed that the church is
an "unincorporated voluntary association." Under
this state of case the finding below should have been
for plaintiff instead of against it.

Giving to the agreement the effect that though
the note is signed by the parties as individuals, yet
their act in signing was as trustees for the church, yet
since the church was an unincorporated voluntary
association of people it was not an entity capable of
making a contract and did not make a
ACTION: bills and
notes: principal contract on which it could be sued. In
and agent: vol-
untary associa- other words, if the signers of the note
tion.
seek to escape liability on the score of
agency, they must produce a responsible principal.
*Heath v. Goslin*, 80 Mo. 310; *Lapsley v. McKinstry*, 38
Mo. 245. "An unincorporated association is no per-
son and has not the power to sue or to be sued. When
such an association has been organized and is con-
ducted for profit, it will be treated as a partnership,
and its members will be held liable as partners. But
in case of religious and eleemosynary associations the
members and managing committees who incur the lia-
bility assent to it, or subsequently ratify it, become
personally liable." *Burton v. Grand Rapids School
Furniture Co.* (Court of Civil Appeals, Texas, 1895).
The judgment should have been for plaintiff, and not
so being, it is reversed and the cause remanded.

All concur.