WILLIAM M. LECKIE, Appellant, v. E. J. ROTHEN-
BARGER et al., Respondents.

**Kansas City Court of Appeals, February 5, 1900.**

**Partnership:** LIABILITY OF SECRET AGENT: SUING PARTNER.
A secret agent of an undisclosed principal who enters into a part-
nership becomes a member of such partnership as far as the re-
maining members ignorant of his agency are concerned and can not
at law sue such partnership.

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins*,
Judge.

AFFIRMED.

*Cunningham & Dolan* for appellant.

(1) The instruction complained of was not based upon
the pleadings. Instructions should limit the issues to those
made by the pleadings. Gessley v. Railway, 26 Mo. App.
156; McMurry v. Martin, 26 Mo. App. 437; State v. Sitling-
ton, 51 Mo. App. 252; Scott v. Allenbaugh, 50 Mo. App. 130.
(2) There can be no evidence on which to base an instruc-
tion, if such evidence overthrows the pleadings of the party
who introduces it. Capital Bank v. Armstrong, 62 Mo. 59.
(3) The declaration of law ignored the material issue of the
fact raised by the pleadings, viz.: Was appellant a copartner
with the respondents in the Castle Rock Mining Company?
Russell v. Railroad, 26 Mo. App. 368; McDonald v. Cable Co.,
32 Mo. App. 70; Bailey v. Beasley, 32 Mo. App. 406; Welsh
v. Edmisson, 46 Mo. App. 282. Partnerships are not created
by implication or operation of law, apart from an expressed or
implied intention and agreement to constitute the relation.
Bates on Partnerships, sec. 3. A similar question to the one
in the case at bar arose in McDonald v. Matney, 82 Mo.

358.   (4)   The facts hypothecated by the declaration of law complained of show that Mrs. Leckie was a partner with the respondents in the Castle Rock Mining Company, and Leckie, the appellant, was not.

*Thomas & Hackney* for respondents.

(1)   The second declaration of law given by the court properly declared the law.   The plaintiff did not disclose to defendants that he was acting for his wife, but led them to believe that he was acting for himself in going into partnership relation and carrying on the partnership business.   Not having disclosed his principal, he made himself personally responsible to the defendants, and thereby became, as to them, their copartner.   1 Am. and Eng. Ency. of Law [2 Ed.], pp. 1122, 1123.   This is the settled law in Missouri.   McClellan v. Parker, 27 Mo. 162; Hamlin v. Abell, 120 Mo. 188; Porter v. Merrill, 138 Mo. 555.

ELLISON, J.—Plaintiff sued defendants on items of debt, charging them to be a partnership under the name and style of the "Castle Rock Mining Company."

The answer, among other things, charged that plaintiff was a member of said partnership.   The evidence tended to prove that plaintiff was, ostensibly at least, a member of the partnership.   That he went into and continued in the partnership in his own name.   That the other members of the partnership supposed he was acting for himself, he never disclosing to them anything to the contrary.   But it seems that he was, in reality, acting as the secret agent of his wife.   The trial was before the court without a jury and a declaration of law was given to the effect that, if plaintiff went into and continued in such partnership in his own name, without disclosing that he was an agent for his wife, and the other partners, having no knowledge of his agency, supposed he was acting for himself, then he was, as to the remaining partners, a mem-

ber of the firm; and there never having been a settlement of the partnership affairs, plaintiff could not recover. The finding was for defendant under this declaration.

It being conceded that one partner can not sue his fellow partners prior to an adjustment of the partnership affairs, the question presented here is, does a secret agent of an undisclosed principal become a member of a partnership to the remaining members who are in ignorance of his agency? We are of the opinion that he does. Such is the rule of law in other business relations and we can not discover any reason why it should not be applied to a partnership.

In matters of contract, the secret agent can be held as originally liable, or the principal, when discovered, can be held. McClellan v. Parker, 27 Mo. 162; Hamlin v. Abell, 120 Mo. 188; Porter v. Merrill, 138 Mo. 555. So a creditor of a partnership could maintain an action against the secret agent, or he could hold the undisclosed principal when discovered. But persons by entering into a partnership enter into contractual relations with each other, and the same rule of law finds application as between them. The agent may be held by them to the responsibilities of a partner in fact. We do not see that the case of McDonald v. Matney, 82 Mo. 358, has any application to this case.

The judgment is affirmed. All concur.