## I. M. JOHNSTON, Appellant, v. PARROTT & BARNES, Respondents.

### Kansas City Court of Appeals, February 10, 1902.

1. **Sales: CASH: COMPLETION: TITLE.** When a sale is made for cash on delivery, the transaction is not complete until the price is paid nor does the title pass until then.

2. **———: CUSTOM: BROKER: COMMON LAW.** Customs that were general, uniform and notorious were the basis of the common law, and a custom that requires a commission merchant to guarantee the title of the goods he sells must be general, uniform and notorious, and a single instance may serve rather to prove that the custom is the contrary.

3. **Principal and Agent: DISCLOSURE OF PRINCIPAL: EVIDENCE.** When an agent intends to bind his principal, it is his duty to disclose him; and the evidence in the record shows a sufficient disclosure.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

AFFIRMED.

*Daniel B. Henderson* for appellant.

(1) An oral agreement for sale, followed by delivery of the goods, constitutes a complete and valid contract of sale, and the property passes, though the money is not to be paid and is not paid at the time of delivery. Cunningham v. Ashbrook, 20 Mo. 553; Ober. v. Carson's Ex'r, 62 Mo. 209. (2) An agent failing to disclose the fact of his agency at the time of making the contract, is liable as principal. 1 Am. and Eng. Encyc. Law (2 Ed.), 1122; Hamlin v. Abell, 120 Mo. 188; McClellan v. Parker, 27 Mo. 162; 1 Am. and Eng. Encyc. Law

(2 Ed.), 1124; Je Seng Co. v. Corbett, 9 Fed. Rep. 426; Mechem on Agency, sec. 957; Welch v. Goodman, 123 Mass. 77; Argensinger v. McNaughton, 114 N. Y. 538; Winsor v. Griggs, 5 Cush. (Mass.), 210; Thompson v. Davenport, 9 B. & C. 78. (3) A person dealing with the agent of an undisclosed principal is not put upon inquiry to ascertain the principal, but may hold the agent as principal. Je Seng Co. v. Corbett, 9 Fed. Rep. 426; Mechem on Agency, sec. 957. (4) It may be proved that in a particular trade it is customary for credit to be given to the agent and not to the principal. 27 Am. and Eng. Ency. Law, 838; Hutchinson v. Tatham, L. R. 8 C. P. 482; Dale v. Humphrey, El. Bl. & El. 1004; Fleet v. Munton, L. R. 7 Q. B. 126; Pike. v. Quigey, 18 Q. G. Div. 708; Bank v. Co., 5 Ch. Div. 195; Boorman v. Jenkins, 12 Nend. (N. Y.) 566.

*William C. Michaels* for respondents.

(1) The delivery of invoice of cattle sold, together with the title card, scale ticket, and health certificate showing Smith's name as owner, was a full disclosure to appellant of the name of respondent's principal and that respondents were acting as agents only. Thompson Payne & Co. v. Irwin, Allen & Co., 27 Kans. 643; Thompson. Payne & Co. v. Irwin, Allen & Co., 42 Mo. App. 423; Thompson, Payne & Co. v. Irwin, Allen & Co., 76 Mo. App. 418; Laughlin v. Barnes & Parrott, 76 Mo. App. 266. (2) Where an agent in making a sale discloses the name of his principal to the purchaser, together with the facts that he is acting in a representative capacity, he can not himself be held liable as an owner if the title fails unless he agrees to become personally liable with the principal. Whitney v. Wyman, 101 U. S. 392; Thompson, Payne & Co. v. Irwin, Allen & Co., 27 Kans. 643; Monticello Bank v. Bostwick, 71 Fed. 641; Huston v. Tyler, 140 Mo. 252; Thompson, Payne & Co. v. Irwin, Allen & Co., 76

Mo. App. 418; Emery-Bird-Thayer v. Coomer, 87 Mo. App. 404. (3) This was a "cash on delivery" sale. In a "cash on delivery" sale the delivery of the chattels sold to, and the payment therefor by, the vendee are in law concurrent acts, one and the same transaction, whether they occur simultaneously in fact or not; payment of the purchase price is, therefore, in such a transaction a condition precedent to the passing of title, and the vesting of the property right in the vendee; until this condition precedent is performed, the inchoate sale is void, utterly destitute of legal effect, and not voidable merely or valid until rescinded, however unquestionable a delivery of the subject-matter of the sale may have been effected theretofore. S. W. F. & C. P. Co. v. Standard, 44 Mo. 83; State to use v. Brewery Co., 32 Mo. App. 276; Hall v. Railroad, 50 Mo.. App. 281; Johnson-Brinkman Co. v. Bank, 116 Mo. 570; Johnson-Brinkman Co. v. Railroad, 72 Mo. App. 437; S. W. F. & C. P. Co. v. Plant, 45 Mo. 517; Whitman Ag. Ass'n v. Nat'l Ry. Elec. & Indus. Ass'n, 45 Mo. App. 90.

BROADDUS, J.—On the ninth day of September, 1896, the defendants as partners, were doing business as commission dealers in Kansas City, Missouri, and on said day sold and delivered to the plaintiff ten head of cattle, which afterwards were proven to have been stolen by one Harry Orme from one D. W. Laughlin near Baird, Kansas. Plaintiff afterwards, and before it was ascertained that the animals had been stolen, sold them to one J. H. Donner of the State of Iowa, from whom they were subsequently recovered by the owner. Donner thereupon sued the plaintiff and recovered their value, with interest and costs, amounting in all to $196.35. This suit is for said sum paid out on the Donner case and $44.65, attorney's fees paid by plaintiff in defending the suit. The contract of sale was made in the forenoon, but the transaction was not closed until the afternoon of that day. The cattle were weighed by the agent of the stock yards company, and a scale

Johnston v. Parrott & Barnes.

ticket was made out by him which on its face contained the
following memoranda, viz:

| KANSAS CITY STOCK YARDS CO.—Scale ticket. | | | |
|---|---|---|---|
| | Seller, B. & P. | | |
| | Buyer, I. M. Johnson. | | Price |
| | 27 Cattle. | 26,100 | |
| OWNER—SMITH. | Mem. of Stock. | Block | Pen |
| | Taken from | 27 | 9 |
| | Yarded in | | Date, 9-9-1896. Rightmire, Weighmaster. |

On the adverse side thereof the following memoranda was
made:

"The Kansas City Stock Yards Co.,
"Deliver to I. M. Johnson and Sons....
"Account of ten (10) cattle............
"Sold for account of Smith..........In
"Block ........ Pen ...... 9-9-1896."
              "Barnes & Parrott."

In addition there was also a health certificate made by the
United States inspector which also disclosed that Smith was
the owner of the cattle.

The transaction occurred in the State of Kansas. The
court sitting as a jury found for the defendants. The plain-
tiff appealed. The plaintiff asked eight instructions, all of
which were given except number one. There is no complaint
made on account of the declarations of law given for the de-
fendants. Instruction number one in the nature of a declara-
tion of law, asked by the plaintiff and refused, is as follows:

"The court declares the law to be, that if the plaintiff

made an oral agreement with the defendants for the purchase of the cattle, and said cattle were then delivered to the stock scales and weighed, and then delivered into the plaintiff's hands at the stock yards, this constituted a complete and valid sale, although the purchase price of said cattle was not paid until a later hour in the day." This declaration of law was properly refused, because it was not supported by the facts of the case. Wm. E. Johnston, who negotiated for the purchase of the cattle, testified that "this purchase of the cattle was a cash transaction—cash on delivery." Wm. A. Durham testified that sales of cattle at the Kansas City Stock Yards are for cash—"cash on delivery sales." The plaintiff himself testified that the sale in this case was for cash on delivery and that that was the custom.

It is the well-settled law of this State, that when a sale is made for cash on delivery, the transaction is not complete until the purchase price is paid, and until then the purchaser gets no title unless the seller waives payment. Johnson-Brinkerman Co. v. Railroad, 72 Mo. App. 437; Southwestern Freight and Cotton Press Co. v. Standard, 44 Mo. 71; Johnson-Brinkerman Co. v. Central Bank, 116 Mo. 558; Hall v. Railroad, 50 Mo. App. 179.

The plaintiff further contends that it is the prevailing custom in sales made at said stock yards to rely on the commissionman for warranty of title. But the trouble with this claim is that the evidence does not sustain it, but on the contrary the custom, with one exception, was just the reverse. It was shown that the Armour Packing Company alone refused to comply with the otherwise universal practice of the commissionmen not to warrant title. A custom to be good must be general, uniform, and notorious. Southwest. Freight and Cotton Press Co. v. Standard, 44 Mo., supra. This is but the assertion of a common-law principle, upon which much of the common-law that we inherited from England is based. Custom in early times made the law. It might be said that as

exceptions prove the rule, by the refusal of the Armour Packing Company alone, to comply with the practice at the stock yards, the rule is established at said stock yards that in sales, commissionmen do not warrant title.

It is also contended strenuously that it was the duty of the defendants to have disclosed their principal, and having failed in that respect they are liable to the plaintiff. It was the duty of defendants to have disclosed their principal. "When an agent intends only to bind his principal it is his duty to disclose him." Hamlin v. Abell, 120 Mo. 188; McClellan v. Parker, 27 Mo. 162. Here the evidence shows most clearly that the defendants did disclose their principal. The stock yards weighmaster's scale ticket, on its face showed that one Smith was the owner, and on the back of the same was a statement of defendants that he was such owner; besides, the health certificate showed the same. It is undisputable that the agency was disclosed before the money was paid by plaintiff and the sale completed.

Finding no error in trial, the cause is affirmed. All concur.