## HOPKINS, Respondent, v. HARLIN, Appellant.

### St. Louis Court of Appeals, February 21, 1905.

1. **PAROL EVIDENCE TO EXPLAIN WRITTEN CONTRACT:**
   **Contract Incomplete.** A memorandum of a contract which does
   not purport to be a complete expression of the entire contract
   is open to explanation by oral evidence.

2. ――――: ――――. An order signed by witnesses, directing the
   clerk of the court to pay their witness fees in a certain case
   to a bank, is not a complete contract in writing so as to ex-
   clude oral testimony in explanation, in an action by such wit-
   nesses for the fees collected, against the agent of the bank,
   who collected them.

Appeal from Howell Circuit Court.—*Hon. William N.
Evans*, Judge.

AFFIRMED.

*H. D. Green* and *Livingston & Burroughs* for ap-
pellant.

The only issue in this case is the agreement or
contract between the parties. The appellant says he
purchased all the fees that might be received for both
the March and September terms, and respondent says
he sold only the fees of the September term. If there
was no written contract, then the issue would be settled
by parol testimony. But the terms of the contract are
reduced to writing in the order given by respondent for
all the fees in the cause. And this is conclusive as to
the contract between the parties. There is no fraud
charged or shown, and the rule that the written con-
tract is conclusively presumed to include the whole en-
gagement and the extent and manner of the undertak-
ing applies with full force to this case. New England
Co. v. Workmen, 71 Mo. App. 275; Parker v. Van-

hoozer, 142 Mo. 621, 44 S. W. 728; Kemefick v. Brass
Co., 72 Mo. App. 381; Bohm v. Stivers, 81 Mo. App.
239; Mfg. Co. v. Hunter, 87 Mo. App. 50; McClurg v.
Whitely, 82 Mo. App. 625.

*James Orchard* for respondent.

Our contention is, as before stated, that this is not
a contract in contemplation of law, but is simply an
order, which may be varied or explained to show
whether or not all the fees were transferred or only
a part. Ficklin v. Kerens, 7 Mo. App. 579. We do not
think this order would be more binding than a bill of
sale, absolute on its face, and the courts hold that a
bill of sale, as between the parties, absolute on its
face, may be shown to have been intended as security.
Moore v. Keep, 5 Mo. App. 593; Newell v. Keeler, 13
Mo. App. 189. And such evidence is admissible in an
action at law as well as one in equity. Cane v. Graves,
51 Mo. App. 541.

BLAND, P. J.—A. J. Hopkins, Henry Taylor,
Bennett Kirkland, Lum Dean, Will Vaughn, Emmett
Williams, William Wilson and Isom Wilson, in 1895, on
legal process, attended the Ozark Circuit Court, as wit-
nesses for the defendant, in a case pending in said
court wherein the State was plaintiff and Ben Taylor
was defendant, on an indictment for grand larceny.
The venue of the cause was changed to the Douglas
Circuit Court and the above named witnesses were rec-
ognized to appear in that court to testify in said cause,
at the March term, 1896, and they did appear, in obed-
ience to the recognizance. They claimed their witness
fees for each attendance. Their fees were duly al-
lowed, certified to the State Auditor and in due course
paid to the clerk of the Douglas Circuit Court (the
cause having been dismissed at the March term, 1896,
of said court). They jointly and severally executed

and delivered to the defendant the following order in respect to their fees:

"Ava, Mo., Sep. 29, 1896.
"Circuit Clerk,
"Dear Sir:—Pay to the Bank of Gainesville all my fees as witness and jurors in the case of State of Mo. v. Ben Taylor.

| | |
|---|---|
| "A. J. Hopkins. | Will Vaughn. |
| "Henry Taylor. | Emmett Williams. |
| "Bennett Kirkland. | William Wilson. |
| "Lum Dean. | Isom Wilson." |

With the following indorsement on the back:
"Pay to Guy T. Harrison or order.
"Bank of Gainesville."

For attendance on the Ozark Circuit Court, they were allowed the following fees as witnesses:

| | | | |
|---|---|---|---|
| A. J. Hopkins | $12.25 | W. A. Vaughn | $8.50 |
| Henry Taylor | 10.50 | Emmett Williams | 11.00 |
| Bennett Kirkland | 8.10 | Wills Wilson | 11.00 |
| C. C. Dean | 8.00 | Isom Wilson | 11.00 |

Taylor, Kirkland, Dean, Vaughn, Williams and the two Wilsons assigned their fees allowed at this term of court to plaintiff to enable him to sue and collect the same.

It is admitted that the Bank of Gainesville is a private bank and the defendant, as its agent, took the order for the fees. Plaintiff sued to recover the fees allowed to himself and his assignors at the Ozark term of court, alleging, in substance, that the order given defendant was not given for these fees, that they were included in the order by mistake.

The answer was a general denial.

On the part of plaintiff, the evidence shows that defendant came to him and stated he wanted to buy his fees due for attendance on the Douglas Circuit Court, that plaintiff told defendant he wanted to sell all his fees in the case. Defendant then said he did not want

the fees which accrued in the Ozark Circuit Court, that they could not be collected and he would not give "the snap of his finger for them." Plaintiff testified that he then agreed to sell his fees for attendance on the Douglas Circuit Court to the defendant at sixty cents on the dollar, at which price defendant agreed to purchase these fees and did purchase and pay plaintiff for said fees on this basis, and that his assignors also agreed to sell their fees for attendance on the Douglas Circuit Court on the same basis and did sell them and receive pay on the basis of sixty cents on the dollar, whereupon they all signed the order; that none of them sold any of their fees for attendance on the Ozark Circuit Court and were not paid one cent for these fees and not intend to give defendant an order for their collection and were not aware that these fees were embraced in the order signed by them. It is admitted that all the fees of these witnesses for both terms of court were paid by the clerk of the Douglas Circuit Court to the defendant on the presentation by him of the foregoing order.

Defendant testified as follows:

"Hopkins came and called me out of the courthouse and asked me if I would buy the fees in the Taylor case; I told him yes, but that I could not pay very much for them, as there was one term that I would probably not get anything for, and there were a number of witnesses that did not testify and under a ruling of the court I did not know whether I would get their fees or not, but I named a sum that I would give them, that is, each one of them, and Hopkins said that would be all right, that it would furnish them whiskey to go home on, and they all signed an order and I paid them the money."

Defendant further testified that he did not buy the fees on a percentage but gave each of the parties a lump sum for all his fees in the case.

The issues were submitted to the court sitting as a jury. At the close of the evidence, defendant moved the court to declare the law as follows:

"1. The court declares the law to be in this case, that, under the order for fees introduced in evidence, the plaintiff is not entitled to recover.

"2. That the order for fees, given by plaintiff to defendant, is conclusive as to the understanding and agreement of the parties and cannot be changed, altered or modified by parol evidence, and the finding is for the defendant."

The court refused to so declare the law and found the issues for the plaintiff. Defendant appealed.

The only error assigned is the refusal of the court to declare the law as asked by appellant. His contention is that the order for the fees is a contract in writing and could not be contradicted or varied by parol evidence. Not everything that is in writing is written evidence within the meaning of the law. It is only such documents as contain the terms of the contract between the parties and are designed to be the repository and evidence of their final intention that are dignified as such written evidence as cannot be contradicted, varied or explained by oral evidence. [Greenleaf on Evidence (16 Ed.), sec. 275.] A memorandum of a contract that does not purport to be a complete expression of the entire contract is always open to explanation by oral evidence. [Norton v. Bohart, 105 Mo. 615, 16 S. W. 598; Kenefick v. Type Foundry Co., 72 Mo. App. l. c. 385, and cases cited.] The order for the fees is not a complete contract; it is a mere memorandum authorizing the clerk of the circuit court to pay the fees to the bank but is silent as to the disposition the bank should make of the fees after collecting them and for this reason was, as between the parties, open to explanation by oral evidence. We think the court very properly refused defendant's instructions.

The judgment is affirmed. All concur.