———o———

WILLIAM EINSTEIN, Appellant, vs. WILLIAM T. HOLT, Respondent.

1. *Contracts—Interpretation of—Agents.*—A. professing to act for himself and for B. and C., makes a contract under seal with D. agreeing, that he will do certain work for D., for which D. agrees to pay him, and the contract concludes, that the undersigned bind themselves in the penal sum of one thousand dollars for its fulfillment. A. and D. alone sign the contract. Upon a suit for not doing the work; *held*, that A. alone was liable.

*Appeal from St. Louis Circuit Court*

*D. T. Jewett*, for Appellant.

*Lackland, Martin & Lackland*, for Respondent.

These obligations and covenants are all personal covenants assumed by Sheppard alone. If a person covenants in his own name, it is his covenant, not the covenant of his principal. (Appleton vs. Binks, 5 East, 148; Townsend vs. Hubbard, 4 Hill, 351; Skinner vs. Gunns, 9 Porter, 305-7; Stringfellow vs. Mariott, 1 Ala., 573-576; Deming vs. Bullitt, 1 Blackf., 241, 242; Hale vs. Woods, 10 N. H., 470; See cases collected 1 Am. Ld. Cas. 585.)

WAGNER, Judge, delivered the opinion of the court.

This was an action brought against the defendant for breach of contract, for failing to drill or bore certain tracts of mineral lands belonging to the plaintiff.

The contract set out in the petition, is alleged to have been made between the plaintiff Einstein, and a firm under the name and style of Holt & Severance, of which defendant was a member.

It is stated, that said contract was made in writing in the name and for said Severance & Holt, whereby they agreed, that Sheppard as their agent should do certain work, and it is further averred, that the parties, plaintiff and defendants bound themselves in the penal sum of one thousand dollars for the performance of the agreement.

The answer denied the existence of any such contract.

To sustain the allegations of the petition a written contract was produced, signed by Sheppard and the plaintiff, and the only question in the case is, whether this was the individual contract of Sheppard, or whether it bound the defendants.

The agreement recites that it is made and entered into between Albert Sheppard for himself, and as authorized agent for Severance & Holt, owners of a patent Diamond-Drill, and William Einstein. It then continues " Said Albert Sheppard hereby agrees to bore and drill," &c., and then describes the work to be done, and says, "All of said work to be done by said Albert Sheppard free of any charge or cost to said William Einstein of any kind."   *   *   *   " In consideration of the foregoing described work so performed, said William Einstein hereby agrees to give and convey by deed free of incumbrances to Albert Sheppard at the completion of said work" certain lands, &c., &c.

There is then a proviso, that Einstein shall have the option to pay " said Albert Sheppard" money in lieu of the lands, and thereby relieving the lands from all claims by said Albert Sheppard and his associates.   The conclusion of the instrument is as follows : " For the true fulfillment of the foregoing condition, the undersigned bind themselves unto each other in the penal sum of one thousand dollars, for the payment of which we bind ourselves, our heirs and assigns, executors and administrators."   *   *   *   " In witness whereof we have hereto set our hands and seals the day and year first above written, and have executed this instrument in duplicate, and one handed to each party."

. (Signed)                                   A. SHEPPARD, [SEAL.]
                                             WM. EINSTEIN, [SEAL.]

The determination of the case depends upon the construction that is to be given to the written contract, or to the right of the plaintiff to sue upon it against the defendant. The authority to Sheppard did not authorize him to bind the defendant, by a sealed instrument, but the seal in the present contract was unnecessary, and therefore may be disregarded.

But by any reasonable interpretation can it be shown, that it was the intention to bind the defendant? The agreement is unambiguous and explains itself. Sheppard starts out in the first place by declaring, that he enters into the agreement for himself, and as authorized agent for defendant. He thus states, that he is one of the contracting parties, not simply as agent, but for himself. In the subsequent stipulations and covenants the defendant is noticed only once, and then incidentally. Sheppard agrees personally and individually to do the work, and Einstein promises to pay him. No other party is spoken of, nor can it be legitimately inferred, that there was any one else in view. Then when the agreement is concluded, each binds himself reciprocally to the other in a penal sum for the fulfillment of the conditions.

Sheppard sets his hand and seal to the contract not as agent, acting for and on behalf of another, but for himself. There is absolutely nothing to bind any one but the parties who sign the agreement.

I have been unable to find any case going to the extent of holding that any one but the party signing the agreement was bound under the circumstances here shown.

The judgment in the court below was for the defendant, and should be affirmed. The other Judges concur.