ARTHUR LEE *et al.,* Respondents, v. EMELINE COHICK *et al.,* Appellants.

St. Louis Court of Appeals, April 5, 1892.

**Married Women:** CHARGING SEPARATE ESTATE. When a married woman makes a contract for herself and on her own credit, the law will presume that she intended to charge her separate estate. Nor does it matter that the person, with whom she has contracted, did not, at the time of the making of the contract, know of the existence of the property which he seeks to charge as such separate estate, nor that the married woman did not have in mind the charging of that particular piece of property.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*R. S. MacDonald* and *William W. Cohick*, for appellants.

*A. & J. F. Lee*, for respondents.

THOMPSON, J.—This case was before the court on a former appeal, and is reported in 39 Mo. App. 672. On that appeal we reversed a judgment for the plaintiff on the ground, that the evidence failed to show that the defendant, Emeline Cohick, had any separate estate at the time of the making of the contract creating the debt, which was there and is here sought to be charged upon her separate estate. After the cause had been thus remanded the plaintiffs filed, without any objection on the defendants' part, an amended petition, in which they sought to charge the alleged debt of Mrs. Cohick not on the same but upon another piece of real estate which was held in trust for her sole and separate use, the legal title being in George M. Cohick. The court rendered a decree establishing the debt of the plaintiffs against Mrs. Cohick, and charging it upon this piece of property, but without charging it upon the piece of property which had been the subject of the charge from which the former appeal was prosecuted. It is not questioned that Mrs. Cohick stood seized to her sole and separate use, through George M. Cohick, her trustee, of this piece of property, at the time of the making of the contract alleged in the petition. It thus appears that the question under consideration in the former appeal has been entirely eliminated from the case. The assignments of error on this appeal may all be reduced to one, which is a challenge of the propriety of the decree upon the whole evidence in the record.

The petition alleges, that, on the thirteenth day of October, 1888, the defendant, Emeline Cohick, agreed with the plaintiffs, who were partners in the practice of the law, that if they would recover for her the sum of

$6,000, which she alleged to be due her from her husband, *or* if they would cause to be vested in her by trustees a certain described real estate, she would pay them the sum of ten per centum upon said sum of $6,000, provided it could be collected without suit, and one-third of whatever should be collected by suit. It also alleges that, in making said agreement, Mrs. Cohick intended to and did charge her sole and separate estate in the land now described in the petition in the sum of $600 in favor of the plaintiffs. The answers consisted of general denials. The evidence has been examined with care, and is found to be substantially the same as on the trial from which the former appeal was prosecuted. In dealing with the evidence on that appeal this court concluded that, if the plaintiffs' recovery depended upon the question alone whether the alleged contract for their compensation was made by Emeline Cohick, we would not feel warranted in disturbing the decree which had been rendered in favor of the plaintiffs. We are of the same opinion, after re-examining the case in the light of the evidence, as it is furnished in the present record. We do not think it necessary to go into an analysis of the testimony in order to vindicate our conclusion, but deem it sufficient to say that the evidence adduced by the plaintiffs on the question, whether the defendant, Mrs. Cohick, made the contract with them which they have set up in their petition, was more clear, consistent and satisfactory than the opposing evidence adduced by the defendants. The well-known rule, that in cases of conflicting evidence the judges of appellate courts, dealing with the case as chancellors, defer to the conclusions of the trial court, strengthens our conclusion that we must affirm the judgment in this case. Nor do we regard it as a sound conclusion upon the evidence that it shows, if at all, an understanding with Mrs. Cohick that the

charge should be upon other property than that upon which it has been charged by the decree. Nor do we see sufficient evidence, or any substantial evidence, to warrant the conclusion that the engagement was such as merely would vest in the plaintiff a title to an undivided one-tenth of the property which they procured to be vested by trustees in Mrs. Cohick, to her sole and separate use. The evidence adduced by the plaintiffs clearly was that they were to get ten per cent. for enforcing, without suit, the collection of the supposed demand of about $6,000 due to Mrs. Cohick from her husband, and that they were to get $600, in case they should succeed in having vested in a trustee to her sole and separate use the real property mentioned in the petition, which she preferred to have done rather than have her claim against her husband collected in money. Nor does the fact that the plaintiffs, at the time of making the contract with Mrs. Cohick, did not know of the existence of the property which the decree now charges with the debt thus created, nor that Mrs. Cohick may not have had the matter of charging that particular tract of property in mind, make any difference; since, as she made the contract for herself and on her own credit, the law will presume that she intended to charge her separate estate. *Miller v. Brown*, 47 Mo. 504. We must then conclude that the judgment of the circuit court should be affirmed. It is so ordered. All the judges concur.