MARY E. PADLEY *et vir*, Respondents, v. JOHN M. CATTERLIN, Appellant.

Kansas City Court of Appeals, January 20, 1896.

1. **Principal and Agent:** ELECTION TO BIND EITHER. It is competent for an agent who is fully authorized to bind his principal to pledge his own personal responsibility if he prefers to do so.

2. ———: PLEADING: CONSTRUCTION. In the construction of pleadings, substance and not form is regarded, and they must be construed to mean what fairly appears to have been intended by the pleader. And the petition in this case is *held* to aver the defendant bound himself individually and not his principal.

3. **Pleading:** CONSTRUCTION: FORMER SUIT. The petition in this case sufficiently alleges that defendant brought a former suit in plaintiff's name of his own motion and that he was responsible for the costs therein adjudged against plaintiff.

4. **Evidence:** DEPOSITION IN FORMER SUIT: BILL OF EXCEPTIONS: ADMISSIONS. The declarations and admissions of a party material to the issue on trial, whether found in his testimony preserved by a bill of exceptions, or in a deposition taken in another cause, to which he is not a party, are under the statute and decision just referred to, alike admissible against him.

5. ———: RECEIVED MONEY FROM DEFENDANT'S PRINCIPAL. In this action the plaintiffs had a right to show that they had not received money from defendant's principal; and if it tended to prove the liability of someone other than defendant, he is not harmed thereby.

6. ———: RELEASE OF MORTGAGE. In an action for breach of contract in failing to get a mortgage released, it is the pith of plaintiff's action to show that the mortgage was never released.

7. ———: REMARKS OF THE COURT AS TO PURPOSE IN ADMISSION. It is not error on the admission of evidence for the court to declare the purpose for which the same is admissible, when there is another purpose for which it is wholly inadmissible.

8. ———: STRIKING OUT. The action of the court in striking out certain evidence as to whether plaintiff would have sent the money on certain conditions is *held* proper.

'9. **Instruction**: DIRECTION AS TO SENDING MONEY: CONTRACT. In an action for breach of contract for failure to have a mortgage satisfied as undertaken, an instruction that if plaintiffs directed the remission of the money to a certain party therein named or gave no direction as to when payment should be made, the finding should be for the defendant, is *held* exceedingly favorable for the defendant in connection with other instructions in the case.

10. **Pleading**: EVIDENCE: INSTRUCTION. The petition in this case was on contract and not on negligence, and the instructions properly submitted the case on that theory.

11. **Contract**: DAMAGES: INTEREST. Interest may be claimed of right under various circumstances of contract and tort; and it is immaterial that there is no agreement for interest, and it is recoverable under the general allegation of damages.

12. **Interest**: COST IN FORMER SUIT. In an action on breach of contract for failure to have a mortgage satisfied, the cost accrued in the former action brought by the defendant in an effort to perform his contract, is recoverable with interest.

ON REHEARING.

13. **Interest**: STATUTES: FORMER DECISIONS. The opinion in *The State ex rel. v. Hope*, 121 Mo. 34, and section 4430, Revised Statutes, 1889, and the opinion of *Watson v. Harmon*, 85 Mo. 443, are considered and compared, and this case is distinguished from the case of *The State ex rel. v. Hope*, and the defendant is *held* liable for the interest.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*Graves & Clark* and *Silvers & Denton* for appellant.

(1) The petition charges that the defendant was agent for the New England Loan and Trust Company, and represented himself so to be. That the papers were executed and delivered to him for that company. In this case the principal and not the agent is liable. Mechem on Agency, sec. 567; *Milstead v. Equitable Mortgage Co.*, 49 Mo. App. 191. (2) The petition alleges that Catterlin was agent for this company, and further charges that the $1,300 from the second deed of trust

was turned over by the company to its agent, Catterlin, and then charges that Catterlin failed to pay plaintiffs the money or apply it as they directed him to apply it. Under such allegations there is no liability stated against Catterlin in favor of these plaintiffs. The principal would have the right of action, and the bond and mortgage would be without consideration, and subject to cancellation. Mechem on Agency, sec. 567; *Milstead v. Equitable Mortgage Co., supra; Henry Co. v. Allen,* 50 Mo. 231. (3) The testimony of J. M. Catterlin, as presented in a bill of exceptions in the case of Mary E. Padley *v.* W. J. Neil should not have been read to the jury in the way it was. *First.* It could not be read as a deposition in this case, because of having been taken in another and different case. The law only goes to the extent of permitting such testimony to be used as a deposition in the same case in which it was given. Sess. Acts of 1891, p. 138. *Second.* But even if such testimony is to be considered as a deposition in the broadest sense of the term, it could not have been read in this case, either with or without notice, previously given. It was not given or taken in this case, nor in a case where the parties were the same or in privity. *Leslie v. Coal Co.,* 110 Mo. 30–37; *Borders v. Borders,* 81 Mo. 636; *Parsons v. Parsons,* 45 Mo. 265; Weeks on Depositions, sec. 470. *Third.* As an admission it could not be read, because it was neither written nor signed by Catterlin. *Fourth.* It could not be read as the oral statements of Catterlin, taken down and written out by the stenographer, because the laws of this state do not make the official stenographer's notes or transcripts thereof, evidence. They are not evidence *per se,* as they were made in this case. Wharton on Evidence [2 Ed.], secs. 180, 514, 519; Wharton's Crim. Evid. [8 Ed.], sec. 231; *State v. DeWitt,* 2 Hill (S. C.), 282. (4) It was error to permit Padley to testify that

he had received no returns from the notes and mortgage executed to the New England Loan and Trust Company. Such testimony might show a liability upon the part of that company, but not as against Catterlin. Mechem on Agency, sec. 567; *Milstead v. Equitable Mortgage Co.*, 49 Mo. App. 191; *Henry Co. v. Allen*, 50 Mo. 231. It was error for the court to permit the plaintiffs to show that no release had been procured, as was done. (5) The court erred in limiting the purpose, force, and effect of testimony of Wm. Padley as was done by the oral instruction of the court given to and in the presence of the jury. (6) The court erred in not permitting the defendant to read the three questions and answers excluded from the deposition of Wm. Padley. These were material admissions of a party to the suit and should not have been excluded. The long instruction number 10, given by the court of its own motion, is erroneous for the following reasons: *First.* By this instruction if the jury find for plaintiffs they are peremptorily told to find interest on the sum of $1,242 from December 12, 1891. This is error in cases where negligence, deceit, or fraud is the gist of the action. Under the instructions negligence in remitting money is made the gist of the action. In such cases interest is allowable as damages, but whether it is allowed is within the discretion and pleasure of the jury. 2 Sedgwick on Damages [7 Ed.], page 158, side page 374; *McBeth v. Craddock*, 28 Mo. App. 380–385. *Second.* Interest was not pleaded as an element of damages in this case, and the court erred in directing the jury to find interest. The plaintiffs can only recover for the damages pleaded, if at all. *Third.* Plaintiffs can not state one cause of action and recover upon another and different cause. *Clements v. Yeates*, 69 Mo. 625; *Baldwin v. Whalie*, 78 Mo. 186; *Newham v. Kenton*, 79 Mo. 382; *Ross v. Ross*, 81 Mo. 84; *Sumner*

*v. Rodgers*, 90 Mo. 324; *Reed v. Bott*, 100 Mo. 64; *Murphy v. Bedford*, 19 Mo. App. 279; *Phleger v. Whetner*, 21 Mo. App. 580; *Walsher v. Railway*, 71 Mo. 514; *Hart v. Railway*, 95 Mo. 368; *Hite v. Street Railway*, 31 S. W. Rep. 262. The loss of this $1,242 and interest thereon, is nowhere pleaded as an element of plaintiffs' loss or damage. Instructions must be confined to the case made by the evidence within the issues defined by the pleadings. 2 Thompson on Trials, sec. 2309. *Duke v. Railway*, 99 Mo. 347–351; *Waddingham v. Hulett*, 92 Mo. 528; *Lester v. Railway*, 60 Mo. 265; *Brown v. Railway*, 101 Mo. 484. Even if the evidence is broader than the pleadings, the instructions can not go beyond the issues made by the pleadings. *Bank v. Armstrong*, 62 Mo. 59–66; *Glass v. Gilom*, 80 Mo. 297; *Moffat v. Conklin*, 35 Mo. 453; *Bank v. Murdock*, 62 Mo. 70; *Wade v. Hardy*, 75 Mo. 394; *Curner v. Lowe*, 32 Mo. 203; *Greer v. Parker*, 85 Mo. 107; *Bruce v. Sims*, 34 Mo. 246–251; *Fredrick v. Kinser*, 17 Neb. 366; *Bank v. Murdock*, 62 Mo. 70–73; *Marr v. Schwartz*, 12 Pac. Rep. (Ore.) 253; *Bernhard v. Insurance Co.*, 42 Iowa, 442.

*Smith & Thurman* for respondent.

(1) While defendant may have been the agent of the New England Loan and Trust Company, in the matter of soliciting and procuring the loan, he was the plaintiffs' paid agent to procure the release of the trust deed, and discharge of their bond. A party may be agent for one party in one matter and for the other in another. The defendant here, prior to procuring this money, had "assumed liabilities to" plaintiffs. Mechem on Agency, sec. 567, page 399. Mechem on Agency, sec. 567, pages 397, 398, and authorities cited in footnote 2. *Meyer v. Lowell*, 44 Mo. 328; *Rogers v. Gosnell*,

51 Mo. 466; *Harvey Lumber Co. v. Herriman & Curd Lumber Co.*, 39 Mo. App. 218; *Fitzgerald v. Barker*, 70 Mo. 687, and authorities cited; *State ex rel. v. Gaslight Co.*, 102 Mo. 482. (2) The testimony of J. M. Catterlin, the defendant in this cause, as preserved in the bill of exceptions in the case brought by him in the name of Padley *v.* Neil was competent as an admission of defendant, even without being proven by the testimony of the court stenographer. By the act of 1891 it was placed upon the footing or plane of a deposition in the case. See Acts, 1891, p. 138. As an admission it could be read by law, given the same authority as if both written and signed and sworn to formally by Catterlin. (3) If Padley had gotten the money instead of the insolvent corporation in Denver he would have had no ground of complaint. His testimony to negative this fact was proper, therefore. Moreover, defendant Catterlin testified to the same fact, without objection. (4) If there was error in the remarks of the court as to the scope of the testimony of Wm. Padley, the defendant did not object to it. (5) The questions and answers of William Padley were properly excluded. The reason for employing another to do a thing is generally based upon the idea that the employee knows more about the business than the employer. Mechem on Agency, sec. 490, 491, 493, 497, 498. (6) Even if appellant's claim now was correct that this is an action for damages for negligence and therefore no interest should have been instructed for, he can not be heard to urge that objection now. He tried the case upon exactly the opposite theory, that it was not an action founded upon negligence, but upon contract, and upon this theory got his objections to proffered evidence sustained. A party can not try a case upon one theory and, when beaten,

upon appeal insist upon another. *Fell v. Coal Co.*, 23 Mo. App. 216, and authorities cited.

SMITH, P. J.—This is an action to recover damages for the breach of a contract. Stripped of all superfluous and needless allegations, the petition will be found to allege about these facts:

*First.* That plaintiffs, husband and wife, in 1886 executed a bond to W. J. Neil, for $1,200, payable at the Third National Bank of the city of New York, five years after date, bearing eight per cent interest from date, and ten per cent after maturity, to secure which said bond the plaintiffs executed a mortgage on certain real estate of the value of $3,000, occupied by them as a homestead.

*Second.* That defendant was, at and before the transactions hereinafter mentioned, engaged in the business of loaning money on real estate, for others, renewing and releasing such loans, making abstracts of title to real estate, and holding himself out to the public as a general loan and financial agent, and, as such, doing business for the public generally.

*Third.* That when the Neil bond was about to mature, plaintiffs applied to defendant to negotiate another loan for them, with which to discharge said Neil bond; and that thereupon plaintiffs and defendant entered into an agreement, whereby the defendant agreed that if the plaintiffs would execute and deliver to him their note for $1,300, payable to the New England trust company, of which he claimed to be the agent, payable five years after date, at eight per cent interest, and also their notes amounting to $131.60, payable also in five years, and would execute and deliver to defendant deeds of trust on their said real estate, already subject to the Neil mortgage, to secure the payment of said notes, he, defendant, would, in

consideration of the difference between the amount that was then due by plaintiffs on the Neil note and that to be procured of the New England Loan and Trust Company, procure said loan and with the proceeds thereof pay off said Neil note and procure satisfaction and a release of the lien of the deed of trust given to secure the same. That in pursuance of said agreement, the plaintiffs executed and delivered to defendant the said notes and deeds of trust, conveying said real estate to secure the payment of the same, which defendant caused to be recorded in the office of the recorder of the proper county. That the defendant thereafter received of the payee named in said notes the sum of $1,300, but failed and neglected to pay off said Neil bond, or to procure the satisfaction and release of the mortgage lien securing the same.

*Fourth.* That afterward, the Bates circuit court, in an action therein pending, wherein the present plaintiffs were plaintiffs, and May A. Shover, the assignee of said Neil bond, and others, were defendants, ordered and decreed the foreclosure of said mortgage and a sale of said mortgaged lands; and that subsequently said lands were sold under said decree for $1,620 and at a loss to plaintiff in the sum of $1,500.

The petition further alleged that after the money had been procured by the defendant from the said New England Loan and Trust Company, the defendant brought the suit in which the decree just above mentioned was rendered, the primary object of which was to obtain a decree declaring that the payment of the Neil bond made by defendant to the Western Farm Mortgage Trust Company of Denver, Colorado, was a satisfaction thereof, and that the lien of the mortgage given to secure the same be discharged; that there was a trial of said cause, which resulted in a decree against

plaintiffs, ordering a foreclosure and sale of the mortgaged lands; that plaintiffs, in consequence of the failure of the defendant to procure the release of their said land from the first mortgage given to secure the Neil bond and the secured deed of trust to the New England Loan and Trust Company, were unable to give an appeal bond, or pay off the said decree, or prevent the sale of their lands thereunder, at a sacrifice; that the costs in the said suit adjudged against them amounted to——dollars; and that in consequence of the facts so alleged in their petition, the plaintiffs claimed damages in the sum of $3,000, for which they demanded judgment.

The answer is a general denial. There was a trial and judgment for plaintiff. Defendant has appealed.

The defendant at the inception of the trial objected to the introduction of any evidence, on the ground that the petition shows that the transaction between the plaintiffs and defendant was with the latter in the capacity of agent for the New England Loan and Trust Company, and that the liability, if any, was not that of the defendant, the agent, but that of his principal, the New England Loan and Trust Company. The law is that it is perfectly competent for an agent, although fully authorized to bind his principal, to pledge his own personal responsibility, if he prefers to do so. Mechem on Agency, sec. 558; Story on Agency, sec. 269; *Hovey v. Pitcher*, 13 Mo. 192; *Einstein v. Holt*, 52 Mo. 340; *Zeigler v. Fallon*, 28 Mo. App. 295; *Johnson v. Smith*, 21 Conn. 627; *Hall v. Crandall*, 29 Cal. 567; *Higgins v. Senior*, 8 Mees. & Wels. 833; *Beebe v. Robert*, 12 Wend. 413.

The solution of the question thus presented involves the construction of the allegations of the petition; or, in other words, we must determine from the language of such allegations, whether the action is on

a contract between the plaintiffs and defendant, in which the latter undertook to bind himself individually, or in his capacity as agent. If in the former capacity, he is liable; if the latter, he is not. We are commanded by the statute to distinguish between form and substance; to disregard any defect in the pleadings which shall not affect the substantial rights of the adverse party, and in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view to substantial justice between the parties. R. S., secs. 2074, 2100, 2117. It has been ruled that it is necessary to give effect to these statutory provisions, that a pleading must be construed to mean what fairly appears to have been intended by the pleader. *Ham v. Stillwell*, 97 Mo. 585; *Bullock v. Wooldridge*, 42 Mo. App. 355.

The defendant undertook as an individual, for a consideration, to procure the loan needed by plaintiffs and with it to pay off the Neil bond and obtain a release of the lien of the mortgage given to secure the same. He was to accomplish certain specified things, for which plaintiffs were to pay him the difference between the amount of the Neil bond and the loan to be procured. If the defendant was acting in the capacity of agent for the New England Loan and Trust Company, in making the payment of the Neil bond, to the defunct Colorado mortgage company, why did he not bring the suit in the name of the New England Loan and Trust Company instead of in that of the plaintiffs? If the money in his hands was still that of the said New England Loan and Trust Company and not that of the plaintiffs, then his payment of it to the defunct Colorado corporation was not a matter with which plaintiffs were concerned. Such payment was not that of plaintiffs and no action accrued to them. They had no right to call

upon a court of equity to interfere in their behalf. The allegations in respect to the receipt and payment of the money, when coupled with those alleging the contract, conclusively show that the transaction between plaintiffs and defendant was not only had by the former with the latter in his individual capacity and not as agent of the said New England Loan and Trust Company, but that the defendant so understood it. Looking at the allegations of the petition from one end to the other and we think it is clear that they disclose the agreement entered into by the plaintiffs with defendant was with the latter in his individual capacity and not as agent; and that a cause of action is sufficiently stated therein against defendant.

The inference deducible from the allegations of the petition in relation to the suit therein mentioned, is that such suit was brought by the defendant on his own motion and responsibility, and, therefore, if costs were adjudged against plaintiffs, which were collected by a sale of their property, they were entitled to recover back the same of defendant. The case of *Milstead v. The Equitable Mortgage Company*, 49 Mo. App. 188, cited by the defendant, is without application. There plaintiff applied through an agent of the defendant for a loan. He executed and delivered to defendant a note, secured by a deed of trust on real estate, which was accepted by the latter. The defendant sent the money to the agent, who embezzled the same. The plaintiff brought suit against defendant for the amount of the loan for which he had given the note and deed of trust. The letter transmitting the money to the agent specifically stated the terms and conditions on which the agent was to deliver the money to plaintiff. There was no distinct evidence adduced showing that defendant paid the money to the agent in his character as agent of plaintiff. It was ruled that

the loss by the agent's embezzlement should fall on the defendant whose agent he was. There was no question of pleading in the case.

The defendant further objects that the court erred in permitting the plaintiffs to read in evidence the testimony of the defendant from the bill of exceptions on file in Padley *v.* Neil, and others. The act of March 21, 1891 (see Acts, 1891, p. 138), provides that whenever any competent evidence shall have been preserved in any bill of exceptions in a cause, the same may be thereafter used in the same manner and with like effect as if such testimony had been preserved in a deposition in said cause; but the party against whom such testimony of any witness may be used, shall be permitted to prove any matters contradictory thereof, as though such witness were present testifying in person. Two years before the passage of this act by the legislature, the St. Louis court of appeals, in *Lesser v. Beckhoff,* 38 Mo. App. 445, ruled that the testimony of the plaintiff and another witness taken at the former trial of the case, which had been preserved by a bill of exceptions, could not be received in evidence. It was remarked by the judge who delivered the opinion in that case, that there was "a difference between the evidence of a party as preserved in a deposition and that contained in a bill of exceptions. The deposition is signed by the party and authenticated by an officer, and from it can be ascertained with certainty the extent and character of the declarations or admissions, but this can not be said of a bill of exceptions." But the said act of 1891 declares that the testimony of a witness preserved in a bill of exceptions *may be used in the same manner and with like effect as if such testimony had been preserved in a deposition.* Thus, by the very terms of the act, the difference theretofore existing between the testimony of a witness preserved in a bill of exceptions and that pre-

served in the form of a deposition, is eliminated.   The testimony preserved by a bill of exceptions may be used in the same manner as a deposition.

Now, treating the testimony of defendant which was read in evidence, as if it were in the form of a deposition, was it not properly admitted in evidence? In *Bogie v. Nolan*, 96 Mo. 85, it was said that the rule of evidence is that "the declarations of a party to the suit may be given in evidence against him—a rule that hitherto has had no respect for time or place, always presuming that a man's statements as against himself are truthful, whether made in court or out of court, on oath, or in casual conversation, orally or in writing. They all rest on the same principle, that a man is not apt to declare a fact against his own interest, unless it be true.   In principle, there can be no difference in the character of this evidence, whether the declarations are made in the deposition of the party taken in his own case then on trial, his deposition taken in another case, to which he was a party, *or taken as a witness in a case in which he was not a party and had no interest.   They are admissible in each case for the same reason, not as the deposition of a witness under the statute, but as the declarations of a party to the suit.*   The ruling in the above case overthrew that of the majority in *Priest v. Way*, 87 Mo. 16, and, in effect, adopted the very able dissenting opinion therein delivered by Judge SHER-WOOD.   And to the same effect are *Kritzer v. Smith*, 21 Mo. 296; *Charleson v. Hunt*, 27 Mo. 34; *State v. Bank*, 80 Mo. 626; *Pomeroy v. Benton*, 77 Mo. 64; *State v. Eddings*, 71 Mo. 545.

It is, therefore, obvious that the declarations and admissions of the defendant, to be found in his testimony preserved in the said bill of exceptions, were as admissible as if made in the not more solemn form of a

VOL. 64 app—41

deposition.   The declarations and admissions of a party
material to the issue on trial, whether found in his
testimony preserved by a bill of exceptions, or in a
deposition taken in another cause, to which he is not a
party, are under the statute and decisions just adverted
to, alike admissible against him.   There was no objec-
tion to the testimony in the bill of exceptions, that it
was not relevant and material to the issue then on trial
in the cause.   It follows that the defendant's objection
to the admission of his said testimony was properly
overruled.   Nor is it perceived that the court erred in
permitting one of the plaintiffs to testify that they had
not received any money of the New England Loan and
Trust Company for the note and mortgage executed to
it.   This may have had a tendency to show liability on
the part of the latter, but it also had a tendency to
show that the money was not paid over personally
to plaintiffs.   This was a material part of the plaintiffs'
case, which they had a right to prove, but if it proved
the liability of someone other than defendant, as he
contends, then he was not harmed by its admission.

Nor, in permitting the plaintiff to show no release
of the Neil mortgage had been procured by defendant.
This is the very pith of the plaintiff's cause of action.
The defendant bound himself to procure the loan and
with the proceeds of it to take up the Neil bond at its
maturity and obtain a release of the mortgage lien to
secure the same.   This was the time he obliged himself
to perform this service for the plaintiff.   It is not pre-
tended that he then, or within a reasonable time there-
after, either paid the note or secured a release of the
lien of the mortgage.   The fact that he brought the
suit in the name of the plaintiffs against Shover and
others, to have the lien of the Neil mortgage declared
released, did not show that he had performed his agree-
ment with plaintiff, but rather to the contrary.

Nor do we discover any error in the action of the court in declaring that certain evidence offered by defendant was admissible to prove that the defendant, in making the remittance, was merely acting as agent for plaintiffs and not for the purpose of proving defendant was not guilty of negligent conduct. Under the issue made by the pleadings, the evidence offered was as clearly admissible for the one purpose, as it was inadmissible for the other.

Nor was there any error in the action of the court in striking out three questions and the answers thereto of one of the plaintiffs. Whether plaintiffs would have remitted the money in payment of the Neil bond, to the defunct Colorado Mortgage Company, if they had undertaken to pay it off, was immaterial. They are shown to have been plain farm people, presumably not familiar with the manner in which the complicated matters in which they were concerned were to be transacted, and for the accomplishment of which they had engaged the skill, care, and diligence of the defendant. The manner in which plaintiffs, unskilled as they were, would have undertaken to accomplish the transaction referred to, would have furnished no criterion by which to judge the skill and prudence that should be exercised by one holding himself out to the public, as defendant did, as impliedly possessing the knowledge and skill required to conduct a business transaction of that kind.

It may have been, and probably was, improper to allow one of the plaintiffs to testify that he did not know where the Neil bond was payable; but if it was, we can not see that it was prejudicial to the defendant. The case was tried by both parties on the theory that the action was founded upon contract and not negligence, and from that theory neither of them can depart in this court.

The court, by an instruction given upon its own motion, submitted the case to the jury upon the theory that the action was based on a contract. The jury were told that if there was an agreement that the sum of $1,242 was to be left in defendant's hands to pay the Neil bond, but no specific agreement as to when the bond should be paid, then it was the duty of defendant to pay it to the holder thereof, or into the Third National Bank of New York for the owner, through the ordinary channels of business, and if he failed to do so, then the finding should be for plaintiff for said $1,242 with six per cent interest per annum from December 12, 1891. But if, on the other hand, they found that plaintiffs instructed defendant to remit the money to said Western Farm Mortgage Trust Company, of Denver, Colorado, or if plaintiffs gave no instructions as to when he should make the payment, but by their acts and conduct gave defendant good reason to believe they intended that he should remit the money to said mortgage company, to find for defendant on that item. This instruction, in this regard, was exceedingly favorable to the defendant.

The petition, to which no objection was in any way made, sufficiently stated facts to authorize a recovery, either for the money which defendant received of the New England Loan and Trust Company, for plaintiff, and did not apply as required by the agreement, or for the difference between the value of the land and the amount it brought at the sheriff's sale, under the decree of foreclosure. A plaintiff may have any judgment to which the facts stated in his petition entitle him, whether asked for or not in the prayer of his petition. McQuillin, Pl. and Pr., sec. 323. The court, by its instruction, submitted the case, as it had a right to under the allegations of the petition, to the jury, upon the first of the above indicated theories.

The objection that the court, by said instruction, improperly directed the jury, that if the finding was for the plaintiff, to allow interest on the amount so found, at the rate of six per cent per annum, is untenable. The general rule is that in actions grounded on negligence interest is not allowed. The rule, however, is that interest may be claimed of right, under various circumstances of contract and tort, on the value of property or things in action, on the value of services, on money paid, had, and received, as well as on divers other forms of loss to plaintiff, or gain to defendant, and capable of pecuniary estimate; and it is immaterial that there is no agreement for interest or forbearance. The interest in such cases may be recovered under the general allegation of damages, without being specially claimed. The law measures the interest as damages, when not specified in the contract. *Such interest is recoverable* as a matter of law independent of the discretion of the jury. Sutherland on Dam., secs. 300-347; *Arthur v. Mfg. Co.*, 12 Mo. App. 335; *Dunn v. Railroad*, 68 Mo. 268; *Lush v. Druse*, 1 Wend. 313; *Ransellair v. Jones*, 2 Bard. 643.

We see no error in the court directing the jury, if they found the $1,242 was left in the defendant's hands to pay off the Neil bond and that he failed to do so, then their verdict should be for plaintiff for that amount, with six per cent interest added.

Nor is any error perceived in that part of said instruction which directed the jury that if the suit brought by defendant in the name of plaintiffs against Shover and others failed, and the costs were all adjudged against plaintiffs and paid by them, they should find for plaintiff the amount of costs so paid and interest thereon at six per cent per annum from the date of payment.

The instruction requested by defendant and given

by the court, and those given on its motion, may be sub-
ject to some verbal criticism, yet we think the rules of
law therein embodied are substantially correct and
applicable to the facts which the evidence in the case
conduced to prove.

No error is perceived in the action of the court in
refusing defendant's instructions. They were either
inapplicable, or covered the same ground as those
given by the court on its own motion.

An examination of the entire record has not con-
vinced us that the trial court has committed any error
prejudicial to the defendant on the merits and so we
must affirm the judgment. All concur.

### ON MOTION FOR REHEARING.

Smith, P. J.—In the opinion, on the authority of
*Watson v. Harmon*, 85 Mo. 443, and *Spencer v. Vance*,
57 Mo. 427, and other cases, it was stated that the
plaintiff's instruction directing the jury as a matter of
law that if they found for plaintiff, *to allow* six per
cent interest thereon, from the time the money came
into the hands of the defendant, was proper.

Since writing the opinion, our attention has been
called to the case of *State ex rel. v. Hope*, 121 Mo. 34,
where it is said, that "this statute (Revised Statutes,
section 4430), has been substantially the same since
1845, when it seems to have been first enacted, yet it
was never adverted to in any of the decisions of this
court, heretofore cited, nor has the question now under
consideration ever, at any time, been passed upon by
this court." The opinion then proceeds to condemn
an instruction, which, as a matter of law, required the
jury, if the finding was for the plaintiff, to allow inter-
est at six per cent. It is declared that the allowance of
interest in such cases is a matter of discretion with the
jury under the statute.

*Watson v. Harmon,* 85 Mo. 443, was an action to recover damages for the wrongful conversion of personal property and when the right of the plaintiff to recover interest was raised by an instruction asked by the plaintiff, which, in effect, told the jury that if they found for plaintiff, they must allow interest on the value of the property from the time of the conversion, the trial court struck out of the instruction the requirement to find interest. The supreme court, then composed of five judges, unanimously declared that the trial court "erred in refusing to instruct the jury that if they found for plaintiff, to allow him six per cent interest on the value of the property from the day of the conversion." Citing section 2126, Revised Statutes, 1879, which is the same as section 4430, Revised Statutes, 1889. So that it was a mistake to say, as was said by the learned court in 121 Missouri, *supra,* that section 4430 had never before been adverted to in any of the previous decisions of that court, or that the question of the allowance of interest over and above the value of the goods, as a matter of law, had never been passed upon by that court. It is thus seen that the identical question in an analogous case had been ruled upon by that court and the ruling there made is diametrically opposed to that in the latter case. If the present case falls within the class to which that in 121 Missouri belongs, then, of course, the rule there announced must govern us in ruling upon the question of the propriety of the action of the trial court in giving the plaintiffs' instruction in relation to the allowance of interest.

Here the action for the recovery of damages arises out of the breach of a contract, by failing to apply a certain sum of money placed in defendant's hands by the plaintiffs. It is true the defendant stood in the attitude of having wrongfully converted the plaintiffs'

money to his own use; still we can not bring ourselves to the conclusion that this rule in respect to interest, as laid down in 121 Missouri, is applicable to a case like this. We must think that the plaintiffs are entitled, as a matter of law, to interest on the amount found by the jury.

Upon principle, this case would seem to be like that of a common carrier, who, under his contract of affreightment, had received the goods of a shipper, to be carried and delivered, for a valuable consideration, to a consignee at a certain place, and who, instead of performing his contract, delivered the goods to a stranger or refused to carry or safely deliver them at all, whereby they are lost to the shipper. In such case, the measure of damages would be the value of the goods, with interest from the day they should have been delivered. In *Gray v. Packet Company*, 64 Mo. 47, the facts were somewhat analogous to those in the case just supposed, and it was declared that an instruction was proper which told the jury that if they found for plaintiff to allow interest on the actual value of the property from the day it should have been delivered. To the same effect is *Dunn v. Railroad*, 68 Mo. 268.

Besides this, the defendant had the use of plaintiffs' money, or, which is the same thing as far as plaintiffs are concerned, he deprived the plaintiffs of the use of it, and for that reason, if for none other, plaintiffs were entitled to interest. *Webster v. Railroad*, 116 Mo. 114.

My conclusion is that the section of the statute just adverted to has no application to actions *ex contractu*, but to certain actions in form *ex delicto*. Indeed, the section is to be found in the chapter of the statute relating to actions for "damages and contributions in actions of torts." R. S., p. 1010.